IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAWAN DEONTE JONES,<br><br>Defendant. | CR 21–55–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Dawan Deonte Jones's Emergency Motion to Dismiss Detainer Action. (Doc. 5.) Mr. Jones's motion, which is undated but was received in Judge Watters' chambers on August 24, 2021, asserted that he was not released from federal custody at the expiration of his sentence on August 12, 2021 and requested that he be released immediately from the custody of the U.S. Marshals Service. (*Id.* at 1–3.) The motion further asserted that Judge Watters previously had found that the United States had not proven at a supervised release revocation hearing that Mr. Jones possessed or had access to a firearm on February 5, 2021; Mr. Jones argued that this finding operates as res judicata on that issue, and the Double Jeopardy Clause of the Fifth Amendment bars prosecution in this case, (*id.*), in which the indictment alleges that Mr. Jones unlawfully possessed a firearm and ammunition on February 5, 2021 in violation of 18 U.S.C. § 922(g)(1), (Doc. 1).

1

The Court ordered the United States to file a response to the motion by September 3, 2021, and it did so on September 2. (Docs. 5, 8.) The United States conceded that Mr. Jones should have been released from custody on August 12, 2021, but asserted that his claim is now moot because Mr. Jones is in transit to Montana, he has been arraigned, and he waived his right to a detention hearing during his arraignment but may reassert the right when he arrives in Montana. (Doc. 8 at 3–4.) The United States further argued that Judge Watters' finding concerning Mr. Jones's firearm possession does not preclude prosecution on this indictment. (*Id.* at 4–7.)

The Court appreciates the United States' candor concerning the circumstances of Mr. Jones's detention but is disturbed by the fact that he remained in federal custody and was transported across the country in the weeks between the expiration of his BOP sentence on August 12 and his arrest and arraignment on the indictment in this case on August 30. (*See* Doc. 7; Doc. 8 at 4.) Following Mr. Jones's arraignment, however, his motion for immediate release or other relief based on a challenge to the detainer is moot. *See Reed v. Fed. Bd. of Prisons*, No. 2:17-CV-07085-PA-KES, 2018 WL 1399166, at *1 (C.D. Cal. Jan. 29, 2018) (recommending dismissal of petition for writ of habeas corpus based on impropriety of detainer as moot because detainer was lifted), *report and recommendation adopted*, No. 2:17-CV-07085-PA-KES, 2018 WL 1393958 (C.D.

Cal. Mar. 15, 2018). The Court therefore will deny the motion as moot. This denial is without prejudice to Mr. Jones's ability to raise any Double Jeopardy Clause arguments in a later motion.

Accordingly, IT IS ORDERED that the Emergency Motion to Dismiss Detainer Action (Doc. 5) is DENIED as moot.

DATED this 14th day of September, 2021.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court