IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAWAN DEONTE JONES,<br><br>Defendant. | CR 21-55-BLG-SPW<br><br>ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE |

Before the Court is pro se Defendant Dawan Deonte Jones's Motion for Early Termination of Supervised Release. (Doc. 85). Jones pled guilty to being a Prohibited Person in Possession of a Firearm and Ammunition, pursuant to 18 U.S.C. § 922(g)(1). (Doc. 59). On June 29, 2022, the Court imposed a below-guideline sentence of 18 months of imprisonment, followed by three years of supervised release. (*Id.*).

Jones now seeks early termination of his supervised release, which is currently scheduled to terminate in approximately 11 months, on September 10, 2027. (Doc. 85). In support of his Motion, Jones argues that early termination is warranted because he "has demonstrated sustained compliance with the conditions imposed by the Court, meaningful rehabilitation, personal growth, and a commitment to maintaining a lawful, productive, and responsible life." (*Id.* at 1). The Government did not respond to Jones's Motion.

A court may terminate supervision at any time after the expiration of one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The district court has broad discretion in determining whether early termination is appropriate. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

In evaluating a request for early termination, courts must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e). These include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 n.3 (9th Cir. 2007) (citing 18 U.S.C. § 3553(a)).

Furthermore, courts may consider a defendant's history of violations, ability to self-manage lawfully, compliance with conditions, engagement in and access to prosocial support, and any demonstrated reduction in risk level. U.S. Sent'g Guidelines Manual § 5D1.4 cmt. n.1(B)(i–v) (U.S. Sent'g Comm'n 2025). Courts may also evaluate whether ending supervised release would jeopardize public safety based on the nature of the offense, criminal history, institutional record, efforts to

avoid recidivism, and any other relevant factors. *Id.* § 5D1.4 cmt. n.1(B)(vi).

Full compliance on supervision is expected and does not, by itself, justify early termination. *United States v. Misraje*, 888 F.3d 1113, 1116 (9th Cir. 2018) ("It is a supervisee's obligation to strictly comply with the terms of supervised release."); *see also* 18 U.S.C. § 3583(e)(3).

Here, a balancing of the § 3553(a) factors and the advisory sentencing guideline notes supports a denial of Jones's Motion. Jones's history on supervised release has not been exemplary and does not warrant early termination. Specifically, his conduct across two separate cases before this Court demonstrates a pattern of noncompliance. In Case No. CR-18-23-BLG-SPW, the Court revoked Jones's supervision four times, most recently on November 20, 2024, resulting in a ten-month custodial sentence with no subsequent supervision. On the same day, the Court also revoked his supervision in the present case, sentencing him to ten months in custody followed by 26 months of supervised release. (Doc. 82).

Following his release, Jones's current term of supervision commenced on July 11, 2025. Within months, a Report of Offender Under Supervision was filed on November 14, 2025, alleging that Jones tested positive for marijuana. (Doc. 84). Jones explained the violation by stating that he unknowingly consumed THC gummies at a friend's house.

While the Court commends Jones's recent compliance and progress, these short-term improvements do not outweigh his extensive history of noncompliance. Continued supervision remains necessary to deter future infractions and ensure Jones sustains his positive trajectory.

Accordingly, IT IS HEREBY ORDERED that pro se Defendant Dawan Deonte Jones's Motion for Early Termination of Supervised Release (Doc. 85) is DENIED.

DATED this 5th day of October, 2026.

Susan P. Watters

SUSAN P. WATTERS
United States District Judge